**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-30151 |
| Plaintiff - Appellee, | D.C. No. 1:08-cr-00081-RFC |
| v. | |
| JASON LEE FISHER, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Richard F. Cebull, Chief Judge, Presiding

Submitted December 19, 2011[**]

Before:    GOODWIN, WALLACE, and McKEOWN, Circuit Judges.

   Jason Lee Fisher appeals from the 22-month sentence imposed following the

revocation of his supervised release.  We have jurisdiction under 28 U.S.C. § 1291,

and we affirm.

---

   [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

   [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

Fisher contends that the district court procedurally erred because it failed to explain its reasons for imposing an above-Guidelines sentence. He also contends that his sentence is substantively unreasonable because the district court impermissibly relied on factors not enumerated in 18 U.S.C. § 3583(e). Fisher's contentions are not supported by the record. The district court did not procedurally err, and Fisher's sentence is reasonable in light of the totality of the circumstances and the 18 U.S.C. § 3553(a) sentencing factors. *See Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Simtob*, 485 F.3d 1058, 1063 (9th Cir. 2007) ("[A] district court may properly look to and consider the conduct underlying the revocation as one of many acts contributing to the severity of the violator's breach of trust so as not to preclude a full review of the violator's history and the violator's likelihood of repeating that history.").

**AFFIRMED.**